IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TARA LUEVANO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 3999 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tara Luevano ("Luevano") sued Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as amended ("Title VII"). In her third amended complaint, Luevano alleges she was harassed by male fellow employee, but Wal-Mart did nothing to address the other employee's conduct because the other employee is male and Luevano is female. She further alleges that Wal-Mart retaliated against her by reducing her hours after she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Wal-Mart filed a motion to dismiss Luevano's latest complaint as untimely. For the reasons below, the Court grants the motion and enters final judgment for Wal-Mart.

## I.    Procedural History

Luevano filed her first Charge of Discrimination ("charge") with the EEOC on March 16, 2010, alleging "I have been subjected to harassment. I complained to [Wal-Mart] to no avail. I believe I have been discriminated against because of my sex, female, and retaliated against [in violation of Title VII]." (Doc. 33-1 at 10.) The EEOC issued a dismissal and notice of rights letter

to Luevano on April 1, 2010, informing her she had 90 days to file a complaint in district court. On June 7, 2010, she filed a second charge, alleging "[d]uring my employment, I complained of discrimination (EEOC # 440-2010-02955) ... I was subsequently subjected to different terms and conditions of employment ... I  believe that I was retaliated against for engaging in protected activity." (Doc. 33-1 at 12.)  On June 28, 2010, 88 days she alleged she received the notice, Luevano filed her first complaint in this case. (Doc. 1.) That complaint did not mention the second charge or attach it. Together with the first complaint, she filed a petition to proceed *in forma pauperis* ("IFP petition"). (Doc. 4). Meanwhile, on June 30, 2010, the EEOC issued the dismissal and notice letter for her second charge. On July 9, 2010, the Court dismissed Luevano complaint for failure to state a claim under Section 1915 and denied her IFP petition. (Doc. 6); *see* 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted."). At that time, the Court also denied her motion for appointment of counsel without prejudice, and explained that motion "may be brought again if she provides the Court with an amended Complaint providing a sufficient basis for the Court to find that the harassment of which she complains occurred due to her sex." (Doc. 6.)

Almost a month later, on August 4, 2010, Luevano filed a motion to present an amended complaint and attached her proposed complaint, which had more detailed allegations and again alleged she received the EEOC notice on April 1. (Docs. 7, 9.)[1] The Court granted that motion, and ten days later, out of an abundance of caution, granted Luevano's motion to appoint counsel. (Doc. 11, explaining "Luevano appears to have timely claims under Title VII and the assistance of counsel

---

[1]Luevano's first complaint is titled "Complant," her second complaint is titled "Amended Complaint," her third complaint is titled "Second Amended Complaint," and her fourth complaint is titled "Third Amended Complaint."

appears reasonably necessary to enable her to present those claims to the Court . . . the Court will appoint counsel for Luevano in order to determine if there are any viable claims and, if so, to present those claims in a more appropriately drafted [complaint].") On September 29, 2010, Luevano, through her appointed counsel, filed her third complaint. (Doc. 14.) Like the two previous complaints, that complaint did not reference or attach the second charge. On November 23, 2010, Luevano filed a motion to file yet another complaint, asserting that at time she filed the third complaint, Luevano's counsel was unaware of the second charge. (Doc. 33 at 2.) That motion conceded that the second charge was "relevant to the applicable statute of limitations for her claims." (*Id.*) The Court granted that motion, and on November 24, 2010, Luevano filed her fourth complaint, this time referencing the second charge and attaching both charges.

## II. Discussion

When considering a motion to dismiss, the Court accepts all well-pled facts as true and draws all reasonable inferences in favor of Luevano. *See Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Leuvano's complaint must allege "enough facts to state a claim to relief that is plausible on its face" and raise plaintiff's "right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937,1949 (2009). A motion to dismiss is appropriate for determining whether a complaint, on its face, is barred by a statute of limitations. *See Tregenza v. Great Am. Comms.*, 12 F.3d 717, 719 (7th Cir. 1993); *see also ABF Capital Corp. v. McLauchlan*, 167 F. Supp. 2d 1011, 1013 (N.D. Ill. 2001) (same) The Court may consider all exhibits attached to or referenced in the complaint. *N. Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 453 (7th Cir. 1998).

Under Title VII, Luevano had 90 days, or until June 30, 2010, to file suit against Wal-Mart after receiving the first notice of rights letter on April 1, 2010. *See* 42 U.S.C. § 2000e-5(f)1(1). An IFP petition pauses the limitations period while a court considers whether to grant or deny the petition. *See William-Guice v. Bd. of Educ. of the City of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995); *see also Humphries v. CBOCS West, Inc.*, 343 F. Supp. 2d 670, 673 (N.D. Ill. 2004) (same). If a case is dismissed without prejudice, that "dismissal without prejudice is treated for statute of limitations purposes as if [the] suit had never been filed." *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003); *see also Lee v. Cook County*, No. 10-2013, 2011 WL 982383, at *2 (7th Cir. Mar 22, 2011) (same). Luevano filed 88 days after receipt, so her initial complaint was timely, and her limitations period was tolled upon filing the concurrent IFP petition. However, upon denial of her IFP claim and dismissal of her complaint without prejudice on July 9, 2010, the limitations period restarted, and Luevano had just two days to re-file her complaint. She waited, however, until August 4, 2010, making the complaint arising from the first charge untimely.

Luevano asserts that her claims arising from her first charge are timely because the statute of limitations should be equitably tolled between July 9, 2010 and August 4, 2010 (when she filed her amended complaint), because: the Court (1) indicated in its July 9 order that she could bring her IFP petition again if she filed a complaint that stated a claim; and (2) noted in its August 19 order that Luevano "appears to have timely claims under Title VII." (Resp. at 5.) Luevano further asserts that the wait between July 9 and August 4 was understandable because she was *pro se* and not acting in bad faith. (*Id*. at 6.) "A litigant is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lee*, 2011 WL 982383, at *3 (internal quotation and citation omitted). As

this Court commented, "equitable tolling is granted sparingly and the threshold trigger is very high." *Hines v. Serv. Corp. Int'l*, No. 08 C 856, 2008 WL 2692033, at *2 (N.D. Ill. July 1, 2008).

There is no basis for equitable tolling here. The two statements by the Court above, considered in their entirety, related only to her IFP petition and motion to appoint counsel. The July 9 order told Luevano that she could file an amended complaint. The August 19 order noted: (1) that Leuvano met the bare minimum pleading threshold of § 1915 to proceed *in forma pauperis* (and avoid another *sua sponte* dismissal under that standard); and (2) her claims "*appear*" to be timely so as to justify appointment of a lawyer to see "*if* there are any viable claims." (emphasis added.) The Court did not advise Luevano that she had met the 90 day deadline, or otherwise suggest that her claims were already viable. Nor did the Court suggest that the 90 day period had somehow been extended. *See Lee*, 2011 WL 982383, at *3 (noting a court cannot extend a limitations period). Other than the Court's two orders, Luevano does not suggest that there was some extraordinary circumstance preventing her from filing a complaint that stated a claim within the 90 day window.

Second, Luevano asserts her claims are timely because she filed her third complaint (through counsel) within 90 days of receiving her notice of rights from the second charge, and that her third complaint, the first drafted by counsel, "encompasses" and "is based on the allegations in the second [charge]." (Resp. at 6.) As detailed above, there is no question that Luevano's claims based on the first charge are untimely. To the extent the second charge encompasses conduct complained of in the first charge, specifically retaliation for reporting harassment to management, she cannot proceed because Luevano cannot extend her 90-day window to file suit by filing successive charges on the same conduct. Allowing her to piggyback previous, untimely charges into a suit that is timely only as to the latest charge would defeat the purpose of the 90-day statute of limitations. *See*

*Abdullahi v. Prada USA Corp.*, No. 06 C 4527, 2007 WL 1521711, at *3 (N.D. Ill. May 23, 2007)

*aff'd in part, rev'd in part on other grounds*, 520 F.3d 710 (analyzing only the new allegations in

the third charge and finding that even though a plaintiff's third charge referenced conduct in her

previous charges, those earlier charges were untimely)[2]; *see also Dandy v. UPS*, 388 F.3d 263, 270

(7th Cir. 2004) (noting that a plaintiff's other charges were not before the court because she filed

suit more than 90 days after receiving the notice of rights as to those other charges); *MacGregor v.*

*DePaul Univ.*, No. 10 C 107, 2010 WL 4167965, at *3 (N.D. Ill. Oct. 13, 2010) (finding that where

the plaintiff filed three charges, her suit was only filed within 90 days of the notice for the second

charge and the allegations arising from the other two charges were dismissed).

Consequently, construing the EEOC charges in the light most favorable to Luevano as

attachments to her complaints, the first charge alleges Wal-Mart retaliated against her for

complaining to management and the second charge alleges Wal-Mart retaliated against Luevano for

complaining to the EEOC. *See MacGregor*, 2010 WL 4167965, at *4 (citing *Cheek v. W. & S. Life*

*Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) and noting that allegations outside the scope of an

underlying EEOC charge are subject to dismissal but that EEOC charges must be construed

"broadly.") The only remaining question, then, is whether the second or third complaints, both filed

within 90 days of Luevano's notice of rights for the second charge, sue for Wal-Mart's alleged

retaliation for Luevano's complaint to the EEOC. Even drawing all reasonable inferences in

Luevano's favor, they do not. In both, she detailed the conduct of the first charge and the retaliation

of reduced hours, but Luevano simply never mentioned in either complaint that Wal-Mart retaliated

against her for going to the EEOC. The only factual allegation of retaliation in the third complaint

---

[2]The Seventh Circuit reversed the portion of the *Abdullahi* opinion concerning whether an former employee can file a charge with the EEOC for post-employment retaliation. *See Abdullahi*, 520 F.3d at 713.

is that Luevano's supervisor reduced the weekly hours that [sic] it scheduled Luevano as a result of and in retaliation of Luevano reporting the associate's conduct." (Doc. 14 ¶ 26.) Further, rather than citing the second charge, the third complaint specifically alleges that the suit was timely because it was originally filed with 90 days of the April 1, 2010 receipt date of the notice for the first charge, and attaches and references that charge. Moreover, Luevano confirmed the Court's reading of the these two complaints in her motion to file a fourth complaint, which stated that Leuvano's counsel, appointed to draft the third complaint, did not know about the second charge when she drafted that complaint.[3] In sum, she cannot proceed on the allegations in the second charge because they were not pled until the fourth complaint, filed well beyond the 90-day limit.

## III. Conclusion

For the forgoing reason, Wal-Mart's motion to dismiss is granted and final judgment entered for Wal-Mart under Federal Rule of Civil Procedure 58.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: **March 24, 2011**

---

[3]Luevano properly does not assert the third or fourth complaints relate back to one of the two earlier complaints under Federal Rule of Civil Procedure 15(c). Those complaints were untimely and an amended complaint does not relate back to the filing of the original complaint if the original complaint was untimely itself. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (noting that it "simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint.")